JAMES S. GOSNELL *v.* ANNA LACEY LEIBMAN
ET AL.
[No. 2, April Term, 1932.]

*Decided May 12th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Louis J. Jira, William H. Schaefer,* and *Powell Vickers,* submitting on brief, for the appellant.

*William Stanley,* with whom were *William K. Ferguson* and *Hershey, Donaldson, Williams & Stanley* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a decree for specific performance of an agreement by appellant to purchase from appellees a lot of ground in Baltimore City, title to which was derived by appellee Anna Lacey Leibman under the will of her former husband, Anderson B. Lacey.

The contention of appellant is that Mrs. Leibman did not take under the will a fee simple estate. The will, so far as it is pertinent to the present inquiry, is as follows:

"I give, devise and bequeath to my wife, Anna W. Lacey my entire estate, real and personal, said estate consisting, at this time, mainly of my Forestglen Park property, in Baltimore, Maryland, comprising 108 (one hundred and eight) acres * * *."

The testator in the same clause devises and bequeathes to his wife certain other property, which he regarded as valuable, in Baltimore and Washington, and his interest in the business or patent practice of the firm of Lacey & Lacey of Washington, D. C., which interest he estimated to be worth $100,000; and then proceeds as follows:

"Furthermore, as this will is only made to serve the emergency of sudden or early demise * * * it is sufficient to say herein that it is my wish that when my dear wife arranges for the disposition of the estate hereby left to her she shall be exceedingly careful to seek the counsel and guidance of a capable and trusted person or capable and trusted or trustworthy persons, to the end that her will may be properly drawn and that she shall see to it that after all her own wants and needs shall have been carefully and very amply provided for, the residue shall descend accordingly as she may see fit to apportion it among her sisters, Lucy, Ellen and Cora, and among my own several brothers' children (except such thereof as she may have good reason to deem unworthy), and my sister Sallie's children (except such thereof as she may have reason to deem unworthy); and furthermore, as I have aimed to be liked and charitable with those with whom

I have come in contact as I have gone along in life, I desire that not more than $1,000.00 in all shall go to the church or charity or to any person or persons other than as hereinafter specified, and except that within eighteen months following probate of this will the sum of $5,000.00 shall be paid to Miss Evelyn R. Mills, now residing at No. 226 F Street, N. W., Washington, D. C., in recognition of her many years' faithful and efficient service in my office. And it is my desire that in an apportionment of my estate among my relations and my wife as hereinabove mentioned, she (my wife) shall deal most liberally with my brother John's children."

The wife is made executrix with the request that she be not required to give bond.

The contention of appellant is that, while in the first instance the testator gave his wife an absolute estate, by the later clause he intended to cut down the absolute estate, and that she took a life or less interest with the power of appointment by will. Now there is no doubt that an absolute devise or bequest may be cut down, if it "appear, by devise over or by words of limitation or otherwise, that the testator intended to devise a less estate and interest." Code, art. 93, sec. 336. *Schlotzhauer v. Kummer,* 149 Md. 583, 132 A. 53, illustrates this principle. There the estate first given absolutely was clearly restricted to a life interest by subsequent provisions of the will. There is no such clear restriction in the present case, and the result of so holding would be that, upon the life tenant's failure to make a will, there would be an intestacy as to the remainder; and every intendment is to be made against holding a man to be intestate who sits down to dispose of his entire estate. *Payne v. Payne,* 136 Md. 551, 553, 111 A. 81. It is not contended by appellant that the testator himself made any devise or bequest except to his wife, other than the gift to Miss Mills of $5,000, to be paid within eighteen months after probate of will. This bequest is conceded by appellees, and in their brief the statement is made that it has been paid. The statement was not controverted by appellant

in his brief or oral argument. The only question here is: (1) Did the precatory words requesting the wife to make a will, in which she was to exercise her own discretion in electing between certain named relatives as to so much of the estate as she did not need, create a trust?

It has long been settled that precatory words will create a trust provided the testator has pointed out with sufficient clearness and certainty both the subject-matter and the objects of the intended trust. *Miller, Construction of Wills,* sec. 172; *Jarman on Wills,* 356; *Williams v. Worthington,* 49 Md. 572, 580; *Nunn v. O'Brien,* 83 Md. 198, 200, 34 A. 244, 245.

The cases cited, we think, are conclusive in support of the decree appealed from. In *Williams v. Worthington, supra,* the testator gives his wife the absolute estate in fee, and then requests and desires that she should at her death devise all the said property remaining in her possession to persons named. It was decided that no trust was created, because the subject of the supposed trust was not certain and definite. It was there said: "The power of disposition by Mrs. Anderson, implied in the absolute gift of the property to her, cannot be said to be limited or controlled by the subsequent words, which have reference only to such property as might remain in her possession at the time of her death." In *Nunn v. O'Brien, supra,* the testatrix, after bequeathing all the rest and residue of her estate to her husband absolutely, added these words: "It is my wish that my dear husband shall so arrange his affairs that at his death whatever may remain of the said rest, residue, and remainder of my estate shall go to my son, if he be then living, or, if he be not living, to his issue, if any such there be," etc. It was held that the subject of the supposed trust was too indefinite and uncertain.

The subject of the supposed trust in the present case is no less indefinite and uncertain. It was left entirely to the wife of the testator to determine how much of the property devised and bequeathed to her should be used for her own re-

quirements; and his precatory words related only to the residue. In this respect there is no substantial difference between this case and the cases cited. But here the argument against the theory of a trust is much stronger, because there is also uncertainty and indefiniteness as to the objects of the supposed trust.

Our conclusion is that the testator did not intend to create a trust. It is apparent that he had full confidence in the judgment and integrity of his wife; that he did not intend to restrict her right to change investments; that he intended to leave her free to use such part of the principal as she should deem necessary for her comfort and happiness; and that he relied solely upon her to dispose of such part as should remain at her death according to his wishes. We have assumed that the $5,000 legacy above mentioned has been paid. The decree will be affirmed, with the understanding that it shall be modified so as to protect appellant against the legacy if it has not been paid.

*Decree affirmed, with costs to appellees.*