ANNIE M. SMITH *vs.* CATHERINE AHERN *et als.*

JUNE 14, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity asking for construction of the holographic will of Mary Seymour, late of the city of Providence, deceased. After a hearing in the Superior Court for the purpose of taking testimony, the case was certified to this court for final decree under the provisions of Sec. 35, Chap. 339, G. L. 1923.

The complainant is administratrix *c. t. a.* of the estate of Mary Seymour, and the respondents are all the known heirs at law and next of kin of the deceased and also certain charitable corporations, possible legatees under the will.

The testatrix, who wrote this will while ill in the Hillsgrove Annex of the St. Joseph's Hospital, was obviously ignorant of the certainty required in draughting legal documents and failed to clearly denominate the intended legatees. Testimony was introduced to identify the persons and corporations which she desired to benefit by her will.

The will, which was properly witnessed and executed, reads as follows:

"Dec. 3. Hillsgrove

I hereby bequest to have this will go through when I am dead and gone. I want a very cheap casket, sheep lining, buried from Monaham, no flowers, and no head stone only a black cross. I don't know where you can get a lot for me. Then when all my expenses are paid, if there is any money left over I would like to give 100 Dollars to my sister Katherine, 100 Hundred to my sister Mrs. George Smith, 100 Dollars to my brother, 100 Dollars to my niece Catherine Ahern, 100 Hundred Dollars to my niece Elizabeth Smith and to my niece Annie Smith 100 Dollars. And if there is any left after that to give 100 to Hillsgrove, R. I., and to give 10 out of the 100 to Miss Noonan for a little present for me, she was so good to me.

I am in my perfect senses. I left out I want 100 to the Monastery, 100 Hundred to the Infant Asylum, 100 to the little sisters of the poor. I was in such a hurry trying to finish it. And if any is left it can be divided."

We will first consider the uncertainties in the will arising from failure to use the correct names of the charitable corporations intended as beneficiaries. As the estate was ample to pay all the bequests, the words preceding the Hillsgrove bequest—"and if there is any left after that"— need not be considered. The bequest—"to give 100 to Hillsgrove, R. I."—is a valid bequest. Although this provision is not sufficiently complete in itself to identify the beneficiary from the will alone, testimony was introduced to show that the St. Joseph's Hospital, a Rhode Island corporation which conducts the Hillsgrove Annex where testatrix died, was the intended legatee.

The bequests to "the Monastery," "Infant Asylum" and "Little Sisters of the Poor" were shown by testimony to be intended for the following beneficiaries: The Cistercian Monastery of Our Lady of the Valley, a corporation located in Cumberland; the Little Sisters of the Poor, a voluntary association which conducts a home for the aged, and the St. Vincent de Paul Infant Asylum, a Rhode Island corporation.

The bequest of $100 "to my brother" is void for uncertainty for the reason that the testatrix at the time of her death had two brothers living. In the case of *In re Hansen,* 132 N. Y. Supp. 257, where the language of a bequest referred to the testatrix's "brother" when she had two brothers, the court held that "the bequest to the brother will be adjudged void for uncertainty." The above specified bequest must become a part of the residuary estate.

The words after the bequest to Hillsgrove,—"and $10 out of the $100 to Miss Noonan"—is also void as Miss Noonan witnessed the will and therefore may not become a beneficiary thereunder. Sec. 32, Chap. 298, G. L. 1923.

There remains for our consideration the effect, if any, of the last sentence of the will which, after making specific bequests, reads: "And if any is left it can be divided."

Counsel for certain of the charities named in the will contend that these words are so closely bound to the rest of the last paragraph as to set forth with great certainty the testatrix's intention to divide such residuary assets equally between the three charitable organizations named therein. They cite in support of this contention the case of *Merrill* v. *Macomber,* 37 R. I. 458, wherein it is said: "Unless there is something to the contrary to be found in the will, it will be presumed that the testatrix intended to dispose of her entire estate and it can not be presumed that she intended to die intestate as to a portion of it."

While the authorities are in accord in holding to the rule stated in *Payne* v. *Payne,* 111 Atl. 81—"It is . . . well established that every intendment is to be made against hold-

ing a man to be intestate who sits down to dispose of the rest and residue of his property"—yet this rule, according to the weight of authority, is subject to the condition stated as follows in 3 Woerner on American Law of Administration, p. 1423: "if the language of a will, read with the view of ascertaining the testator's intention, is ambiguous or unintelligible, and neither the ordinary rules of construction nor extrinsic evidence where such is applicable are sufficient to enable the expounder to deduce a rational meaning therefrom, the will is to that extent simply void; for if the testator cannot be understood, it is the same as if he had not spoken."

In the case of *Smith* v. *Bradford*, 51 R. I. 289, this court said: "Devises and bequests by implication are not favored. When allowed they must be founded on the intention of the testator as ascertained from the contents of the whole will, and not on conjecture. . . . A gift by implication must be founded upon some expression in the will from which such intention can be inferred; it cannot be inferred from an absolute silence on the subject."

Certain of the respondents claim that the residue of the estate should be applied under the *cy pres* doctrine and given to those institutions or organizations which perform charitable functions. However, since no specific charitable bequest has failed and it is not clear that the dominant intention of the testatrix was a general charitable one, the case differs from *R. I. Hospital Trust Co.* v. *Williams*, 50 R. I. 385, cited by these respondents in support of their contention, and is not a proper case for the application of the doctrine of *cy pres*.

As the testatrix has completely failed to designate any beneficiaries to take the residue of her estate, this court can not say that any beneficiaries are impliedly designated without, itself, making a will for the testatrix. The language used by the testatrix is so indefinite and vague that it must be disregarded and the residuary estate must be distributed as intestate personal property in accordance

350

with the statutes governing the distribution of such property.

On June 28, 1932, the parties may present to this court for approval a form of decree to be entered in the Superior Court in accordance with this opinion.

*Mortimer W. Newton, McGovern & Slattery, James A. Higgins,* for complainant.

*Comstock & Canning, Edward M. Brennan,* for Catherine Ahern, et al.

*Gardner, Moss & Haslam, Charles R. Haslam, Harry A. Tuell,* for Patrick Ahern.

*David B. Lovell, Jr., Curran, Hart, Gainer & Carr,* for St. Joseph's Hospital, St. Vincent de Paul Infant Asylum, and Home for the Aged of the Little Sisters of the Poor.

*Joseph V. Broderick and William M. Connell,* for Cistercian Monastery.