BARBARA E. GENT ET AL v. J. WILLIAM KELBAUGH
EXECUTOR, ET AL.

LAURA V. BAPISTE v. SAME

[Nos. 11, 12, January Term, 1941.]

*Decided March 5th, 1941.*

The cause was argued before SLOAN, MITCHELL, JOHN-SON, DELAPLAINE, and COLLINS, JJ.

*M. William Adelson,* with whom was *Michael Paul Smith* on the brief, for Barbara E. Gent and Laura V. Baptiste, appellants.

*H. Richard Smalkin,* for Maggie May Gill, appellant.

*William M. Hudnet,* with whom was *Paul Martin* on the brief, for J. William Kelbaugh, Executor, appellee.

*J. Wallace Bryan,* with whom was *James Steele* on the brief, for J. Homer Drach, administrator, appellee.

MITCHELL, J., delivered the opinion of the Court.

Two appeals are embraced in the record in this case, both of which arise because of opposing contentions as to the construction of the ninth item of the last will and testament of Kate A. Mallonee, who died on the 29th day of December, 1930.

The will was duly admitted to probate in the Orphans' Court of Baltimore City, where letters testamentary upon the estate of the testatrix were granted to the Mercantile Trust Company of Baltimore, sole executor named therein. The ninth item is as follows:

"I give, devise and bequeath the sum of fifteen thousand ($15,000) unto the Mercantile Trust Company of Baltimore, a corporate of the State of Maryland, in trust and confidence, nevertheless, to hold the same with full power to sell all or any part thereof, to execute deeds, release mortgages in whole or in part, without the necessity of the order of any Court whatsoever, and any purchaser shall be relieved of the necessity of seeing to the application of the purchase money, and with full power to collect or receive the income therefrom and to invest or reinvest said trust estate with the following limitations: That I direct my said Trustee to invest the amount of this trust in first mortgages on real property or in ground rents, to yield not less than five per cent (5%) per annum upon the trust and for the uses following, to-wit:

"(a) If my sister, Mrs. Laura V. Baptiste, be living at the time of my death, then I direct my said Trustee to pay the income from the trust estate herein created, equally, share and share alike, in quarterly annual installments, to my sisters who may then be living, to-wit: Mrs. Ruth E. Merryman, Mrs. Mary Ida Drach, Mrs. Barbara E. Gent, Mrs. Maggie May Gill and Mrs. Laura V. Baptiste, as long as my sister Mrs. Laura V. Baptiste, shall live.

"(b) Upon the death of my sister, Mrs. Laura V. Baptiste, I direct that the income paid to my sisters from said trust estate as directed in paragraph "a" shall immediately cease, and thereafter I direct my Trustee to pay the entire income from said trust fund of fifteen thousand dollars ($15,000) to my niece, Mary Gertrude Fowler, the only issue of my sister, Mrs. Laura V. Baptiste, in quarterly annual installments as long as she may live.

"(c) Upon the death of my niece, Mary Gertrude Fowler, I direct my Trustee to pay the entire income from said trust fund in equal, quarterly, annual installments, to any sister or sisters of mine that may be living at the time of the death of the said Mary Gertrude Fowler, as long as any of them shall live.

"(d) Upon the death of my niece, Mary Gertrude Fowler, and the last of my sisters, I direct my Trustee to divide equally among the children and decedents, if any, of my sisters, Mrs. Ruth E. Merryman, Mrs. Mary Ida Drach, Mrs. Barbara E. Gent, Mrs. Maggie May Gill and Mrs. Laura V. Baptiste, the corpus of said trust estate, per stirpes and not per capita, clear and free of this trust."

The testatrix was survived by all of the above named sisters, and pursuant to the provisions of Item 9, the executor distributed to itself, as trustee, the sum of $15,-000, and paid the net income therefrom, in equal shares to the five sisters named, until the death of Mary Ida Drach, which occurred in the month of February, 1934. After the death of Mrs. Drach, the four surviving sisters

claimed her share of the income, which claim was resisted by John Homer Drach, her administrator. Ruth E. Merryman, another of the sisters of the testatrix, died in December, 1937, and the same contention arose as between the three surviving sisters and J. William Kelbaugh, executor named in the will of Mrs. Merryman.

Due to these conflicting claims, the trustee was unwilling to make distribution of, and has refused to distribute, the respective shares of the income accruing from the trust created by said item, which Mrs. Drach and Mrs. Merryman, if living, would have received.

Accordingly, the trustee filed in the Circuit Court of Baltimore City a bill of complaint in which, after setting forth the substantial facts above detailed, and supplementing them with the names of the then heirs at law of the two deceased sisters, it submitted that it could not safely continue the administration of the trust created by the above item of said will and distribute the income, unless the court assumed jurisdiction over the administration of the trust, and determined the rights of the parties to the cause respecting said income. The bill is filed by the trustee as such under the ninth item of the will, against the administrator of Mrs. Drach, the executor of Mrs. Merryman, and the three surviving beneficiaries of the income, namely, Mrs. Gill, Mrs. Baptiste and Mrs. Gent. It is conceded that Mary Gertrude Fowler died on June 5th, 1935.

Concretely the two questions raised, and with respect to which the trustee seeks the instructions of the court, are as follows: (1) Is the gift to the five named sisters of the testatrix in clause 9(a) of her said will, one to them for the life of their sister, Mrs. Baptiste, with the result that shares of income theretofore payable to Mrs. Drach and Mrs. Merryman, are now assets in the hands of their respective personal representatives? Or (2) was it the intention of the testatrix that the income from such gift, during the life of Mrs. Baptiste, should be equally divided among living sisters only, with the result that the shares of income formerly paid to Mrs.

Drach and Mrs. Merryman, are not now assets in the hands of their respective personal representatives?

Separate answers on behalf of all defendants appear in the record, and by them no factual controversy is raised. The answers of the respective administrators of the two deceased sisters submit that under the true construction of the quoted paragraph of the will, the gift was in effect one to each of the five sisters, all of whom were living at the time of the death of the testatrix, for and during the period of the life of Mrs. Baptiste; and that therefore the one-fifth of the income formerly payable to Mrs. Drach and Mrs. Merryman, upon their respective deaths, became payable to their respective personal representatives, and is payable to them so long as Mrs. Baptiste lives.

In conflict with the above contention, it is submitted by the answers of the three surviving sisters that by the true construction of said paragraph, it was the intention of the testatrix that none of the personal representatives or heirs of her said sisters should take or receive anything whatsoever by virtue of the quoted clause of the will, until after the death of Mary Gertrude Fowler and after the death of all five of said sisters. Accordingly, it is claimed by the latter respondents that the accrued, as well as future income accruing during the life of any of said sisters (Mary Gertrude Fowler being now deceased), should be divided equally between the sisters living at the time the income in question accrued in the past, or accrues in the future; the above process of income distribution continuing until the death of all of the sisters mentioned in said ninth item of the will; it following, of course, that the survivor among the sisters would receive the entire income during the period of her survivorship.

The chancellor decreed that the trustee pay to the respective personal representatives of the two deceased sisters one-fifth of the accrued net income from the trust estate created by said Item 9, accounting from the date of the respective deaths of said deceased sisters; and

further, that said trustee continue to pay to the respective personal representatives, or their successors, one-fifth of such net income as shall hereafter accrue and become payable from said trust fund, as long as Mrs. Baptiste shall live. From these decrees the appeals are taken.

Reverting to the quoted item of the will, it will be observed that under its provisions, Mrs. Baptiste being alive at the time of the death of the testatrix, only such other of the named sisters as survived the testatrix became beneficiaries of the income from the special trust fund; and that having qualified as such beneficiaries, no direction is found in said item as to the disposition of the income payable to any of such other sisters, in event of their respective deaths during the life of Mrs. Baptiste. It will be also be observed that had the death of Mrs. Baptiste occurred prior to that of the testatrix, none of the other sisters would have immediately succeeded to any income from the trust estate; because the apparent intent of the testatrix was to establish a special trust to the end that the entire income therefrom would inure to the sole use and benefit of her niece, Mary Gertrude Fowler, for life, in event her mother was not living at the time of the death of the testatrix. Moreover, it is also apparent that had Mrs. Fowler immediately succeeded to the use and benefit of the income upon the death of the testatrix, only those sisters who survived Mrs. Fowler would have at any time become beneficiaries of the income; and with respect to such of said sisters as may have qualified as beneficiaries of the income in either event, no direction as to the distribution of such income to their personal representatives is found in the will, in event of their death pending the trust. Under the clearly expressed terms of the ninth item of the will, it was possible for Mrs Baptiste, as the sole survivor of the five named sisters, to have likewise been the sole beneficiary of the indicated income for the term of her life, her daughter, Mrs. Fowler, succeeding her as like beneficiary during the period of the latter's

life; and in that event no sister, heir or personal representative of a deceased sister, would have been the beneficiary of the income from the special trust fund, except Mrs. Baptiste and her daughter, Mrs. Fowler.

While there is no contention before us as to the construction of the residuary clause embraced in Item 10 of the will, we deem it necessary to refer to it because of its bearing upon the final distribution of the corpus of the special trust fund, and because its directions are helpful in reaching a conclusion as to the intent of the testatrix, in solving the question now under consideration.

By the 10th Item of the will the residuary estate of the testatrix is devised and bequeathed to said Mercantile Trust Company, in trust nevertheless to be held and distributed, both as to income and corpus, under the following directions: (a) First to divide the corpus or principal of said residuary estate into five equal funds or shares, and to separately hold each of said funds or shares, respectively, for the use and benefit of the same sisters named in the 9th Item of the will; (b) to invest each of said funds and pay the net income accruing therefrom to each of said sisters as long as they each shall live; (c) in event of the death of any of said sisters leaving surviving her children or decendants of children, the income from the share of the sister so dying to be thereupon paid by the trustee to her then living children and descendants of deceased children, per stirpes and not per capita; (d) in event of any of said sisters dying without leaving children or descendants of any deceased child, the property and estate constituting such deceased sister's share to be then equally divided, and added to and make a part of the trust created by the residuary clause, for the remaining sisters of the testatrix, whether they be living or dead; whereupon said property and estate shall be in all respects and in the same manner subject to all provisions and conditions, respectively, of said trusts for said remaining sisters, to the same extent as if such added parts were respectively parts of the original shares; and finally (e) upon the death of the

last of said sisters, the testatrix directs that the trusts created by the residuary clause of the will shall cease, whereupon the trustee is directed to distribute the corpus of the estate among the children or descendants of said sisters, per stirpes and not per capita, free 'and discharged from all trusts.

Without attempting a particular examination of the various theories and rules of construction suggested by counsel as to whether the gift under Item 9 is one to a class, or entering upon a discussion of the cases cited in their support, we think the true construction of the will can be more easily and satisfactorily determined by a careful analysis of the provisions of said item, in connection with a like analysis of the provisions of the residuary clause.

On the face of the provisions of Item 9, it is clear that in the first instance, in so far as the sisters of the testatrix, other than Mrs. Baptiste, are concerned, there is simply a gift in the form of beneficial participation in the income from the special trust fund, upon contingencies as follows: (a) That the respective sisters survive the testatrix (b) that Mrs. Baptiste survive the testatrix; and (c) that although having qualified, under the provisions of said item, the gift to them may thereafter be suspended, (1) temporarily, by reason of the death of Mrs. Baptiste during the life of Mrs. Fowler, and the subsequent survivorship of Mrs. Fowler by the donee; or (2) permanently, by reason of the death of Mrs. Baptiste during the life of Mrs. Fowler, and the subsequent death of such donee before the death of Mrs. Fowler. And it is significant that in spite of the several contingencies surrounding the enjoyment of the gift above set forth, no reference is anywhere made in Item 9 to participation in said income by persons other than the respective sisters and Mrs. Fowler.

In the determination, therefore, of this phase of Item 9, we are left to resort to the cardinal rule of construction, namely, that of ascertaining the intention of the testator, as gathered from the four corners of the will, and giving

effect to that intention so far as is consistent with the rules and policy of law. In other words, the canon around which all others center is that the intention of the testator, when ascertained from the whole instrument, or from the instrument as read in the light of surrounding circumstances existing at the date of its execution, must be given effect if that intention does not antagonize or conflict with some rule of law or property. *Miller, Constr. of Wills,* par. 9; *Payne v. Payne,* 136 Md. 551, 111 A. 81. And for the purpose of ascertaining such intention it has been aptly stated that: "The Court will put itself in the testator's place, in his arm-chair." *Miller, supra,* sec. 12; *Taylor v. Watson,* 35 Md. 519; *Chew v. Chew,* 1 Md. 163; *Woman's Foreign Missionary Society v. Mitchell,* 93 Md. 199, 48 A. 737, 53 L. R. A. 711; *Hutton v. Safe Deposit & Trust Co.,* 150 Md. 539, 133 A. 308.

With these principles before us, and bearing in mind that in the construction of wills the court is guided, not by events that happen subsequent to the execution of the will or subsequent to the date of the death of the testator, but by what may happen, from the viewpoint of the testator when the will is executed, it is obvious that the basic purpose of the testatrix in this case, with respect to Item 9, as distinguished from her general intention evidenced by Item 10 or the residuary clause of the will, was to create a special income for a niece for the term of the latter's survivorship of her mother; and that is best evidenced by the possibility that none of said sisters, including the mother of the niece, would share in such income in event the mother predeceased the testatrix, except as to such of said sisters as survived Mrs. Fowler. Stated differently, under the terms of the item it was possible for Mrs. Baptiste to have survived the testatrix, predeceased the niece, and thereby terminated the original participation in the income by the other sisters; and, of course, such of said other sisters as did not survive the niece would never again participate in the income.

To summarize, therefore, construing Item 9 from the prespective of the testatrix, only a contingent interest in the income was left to any of the sisters, including Mrs. Baptiste; and we cannot conclude that such an interest survives to the personal representatives of the sisters who have died since the death of the niece, pending the life of Mrs. Baptiste; when no limitation over of the income is made to the heirs or personal representatives of such deceased sisters, and when under Item 9 (d) of the will the testatrix directs that the distribution of the corpus of the special trust fund shall be postponed until the death of the niece and all of the sisters, in which event the said corpus is distributed equally among the children or descendants, if any, of the said sisters, per stirpes and not per capita, free and clear of the trust.

The theory of the appellees is that because all contingencies based on survivorship as among the sisters have been eliminated, the interests of all five sisters vested in them immediately and finally at the death of the testatrix, in the exact manner and to the extent specified by the will, and that therefore each sister received an equitable interest or estate in the trust fund, which interest continues as long as Mrs. Baptiste shall live, and which interest, upon the death of a sister pending the life of Mrs. Baptiste, would pass to the personal representatives of such sister. But that theory, we think, is overcome when it is considered that no reference is made to participation by personal representatives of any sister in the income; furthermore, there is a strong inference that the income in contemplation of the testatrix was to be divided among the surviving sisters, under the indicated contingencies. For example, had Mrs. Baptiste predeceased her daughter, Mrs. Fowler, and the latter, succeeding to the entire income, had thereafter predeceased any of the sisters, only such of the sisters as would then be living would receive income, although all of the sisters might have, prior to the death of Mrs. Baptiste, shared therein; thus showing the evident intent of the

testatrix to confine the distribution of the income to the living sisters so long as any of them, under the contingencies of the item, participated in the same.

In the case of *Marshall v. Security Storage Co.*, 155 Md. 649, 142 A. 186, the testator left five children, three sons and two daughters, and provided in his will that all his estate should be held "in trust for the use and benefit of my children (naming the five) during the life of each of my said children, and upon the death of the last survivor of my said children, the said trust to cease, the said property then to vest absolutely and go in fee to my grandchildren, taking per capita and not per stirpes"; there being a provision for paying the net income annually to the five children, share and share alike. There was no express direction for the payment of the share of a child who might die before the end of the trust without issue; and the question raised in that appeal was: What was to be done with the share of a son who died without issue, between the date of his death and the termination of the trust? The facts in that case are somewhat analogous to those in the instant case, except that there the court was dealing with a gift of income to a child, free of contingencies, and the question was as to the disposition of the share of a child dying without issue, whereas in the present case the gift is a conditional one to a sister, subject to the happening of subsequent contingencies which may thereafter suspend the gift, respecting donees who died with issue. The two daughters survived; and upon the death of one of the brothers without issue, successfully contended that the income of such deceased brother survived to them pending the period of the trust, as against the contention of heirs of two other deceased brothers. In disposing of the case this court, speaking through Chief Judge Bond, said: "On the face of the will there is simply a gift of the beneficial enjoyment of the estate to the testator's children, terminable as to each upon death, and so, as to the first four to die, terminable at times before the termination of the trust and the

vesting of the remainder in the grandchildren. And it is generally recognized that under such a clause, notwithstanding the preference of the law for tenancies or rights in common, the result is a gift of income to the life beneficiaries with a right of survivorship in them."

Viewed from the content of the entire will, it is our conclusion that the five sisters were referred to in the item, *nominatim,* and that in such cases the general rule is against the application of the principle of survivorship, characteristic of gifts to a class; it was the intention of the testatrix that the share of income received by any of the sisters pending the termination of the trust would, upon her death, survive to the benefit of the remaining sisters, and for that reason the decrees in these appeals will be reversed, and the cases remanded for the passage of decrees in accordance with the views herein expressed.

It being evident that there was reasonable ground for contest with reference to the true construction of the will, we will direct that the costs be paid out of the estate.

*Decree in No. 11 reversed, and case remanded for the passage of a decree in accordance with this opinion; the costs to be paid out of the estate.*

*Decree in No. 12 reversed, and case remanded for the passage of a decree in accordance with this opinion; the costs to be paid out of the estate.*