BOUTELLE et al. *v.* BOUTELLE

[No. 193, September Term, 1962.]

*Decided March 6, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*J. Louis Boublitz* for appellants.

*E. Stuart Bushong* and *Kenneth J. Mackley,* with whom were *Bushong, Byron & Mackley* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

Richard S. Boutelle, a man of wide business and financial experience who had been the operating head of the Fairchild Engine & Airplane Company until 1956, died testate on January 15, 1962. Item 2 of the will read as follows: "I give, devise and bequeath unto Mrs. Ellen Burnette Boutelle, my wife, all of my estate whether real, personal or mixed, of every kind or description to be held by her by the benefit of herself, and our children."

He was survived by his widow whom he had married in December 1957 and by two children, born August 3, 1960, the issue of the marriage. He was also survived by three children of his wife by a former marriage, whom he had legally adopted on November 19, 1958, and by two older children of his wife by a former marriage, whom he had not adopted. The widow filed a bill for a declaratory decree construing the will, contending that she was entitled to the whole estate, and after appropriate proceedings as to parties, and full hearing, the Chancellor so declared. In reaching his conclusion he ignored testimony that had been offered as to declarations made by the testator of intent that the widow should take all, and based his decision upon the language of the will in the light of the surrounding circumstances. Since we agree with the Chancellor's conclusion, we need not consider the question of admissibility of the declarations, or whether the words "our children" would include the adult step-children who had not been adopted.

At the time of the execution of the will all of the children and step-children of the testator were residing with him. He had had no legal training, but had discussed the matter of a will and a trust or trusts naming a Bank as trustee, with his stock broker and with a certified public accountant. On July 18, 1961, he dictated his will to a stenographer, using as a model a will prepared by a lawyer some years before, in which he had left everything to his first wife. He told the stenographer he wished to keep things "uncomplicated". The present will is simple, and contains nothing of significance except item 2. Item 3 simply appointed Mrs. Ellen Burnette Boutelle as his "executor", with full powers of sale. It is obvious that he reposed complete confidence in his wife's ability.

The contention of the appellants is that item 2 created a trust in favor of the widow and children. It is true that no technical words are necessary to create a trust, if the intention is clear. See *Waesche v. Rizzuto*, 224 Md. 573, 583 and *Sands v. Church, Etc.*, 181 Md. 536, 541. It is argued that the initial grant of the entire estate to the wife is limited or cut down by the clause "to be held by her for the benefit of herself, and our children". But it is the general rule that an absolute gift is not reduced by subsequent language, in the absence of clear evidence of an intention to do so. See Miller, *Construction of Wills*, § 55 and cases cited; 5 Page, *Law of Wills*, § 40.5. See also Code (1957), Art. 93, Sec. 356, which states the same rule of construction, "unless it shall appear, by devise over or by words or limitation or otherwise, that the testator intended to devise a less estate and interest."

There are also manifest difficulties in the way of establishing a trust. There is no reference to any life estate, or other limitation on the duration of the alleged trust, which might thus offend the rule against perpetuities, the rule of early vesting, and the presumption against intestacy. Moreover, the quantum of the beneficial interests of the wife and children is uncertain. There is no provision for survivorship or gift over. There are no powers of sale for purposes of disposition or reinvestment. There is also the possibility that the beneficial use might be executed, and vest immediately in the wife and children, a result that would defeat the creation of a trust, even if intended.

The appellee relies upon the line of cases holding that precatory words will not create a trust, unless the intention is clear. See *Pratt v. Sheppard, Etc., Hospital*, 88 Md. 610. Cf. *Hill v. Towson Realty, Inc.*, 221 Md. 389, 394. Most of the cases relied on employ words that negative a command. See *Clark v. Connor*, 117 S. E. 2d 465 (N.C.) (as she shall deem best and proper); *Johnson v. Johnson*, 124 S. E. 2d 172 (N. C.) (*knowing full well* she will use the same for the benefit of herself and our children); *Schneiderhahn's Guardian v. Zeller*, 110 S. W. 834 (Ky.) (as she may see proper). Many other cases are collected in the notes in 49 A.L.R. 10, 70 A.L.R. 326 and 107 A.L.R. 896. These cases are probably distinguishable because the direction to hold for the benefit of the parties in the instant case is positive and mandatory in form.

But we think the principle underlying the rule of construction of precatory words also applies in cases of ambiguity. Restatements, *Trusts,* (2d.) § 25 provides: "No trust is created unless the settlor manifests an intention to impose enforceable duties." In comment (b) the imperative or precatory character of the words used is only one of the tests laid down. Another test is "the definiteness or indefiniteness of the beneficiaries or of the extent of their interests." *Scott on Trusts,* (2d ed.) § 25.1, p. 192 states: "But if, because the testator has used precatory or other ambiguous language, it is doubtful whether he intended to create a trust, the fact that if a trust were intended it would fail for indefiniteness raises an inference that the testator did not intend to create a trust but intended to make a beneficial gift and to impose no more than a moral obligation upon the legatee." See also 1 Bogert, *Trusts & Trustees,* § 48 p. 345.

In *Gosnell v. Leibman,* 162 Md. 542, 545 while the words were precatory (wish and desire) the holding was that there was no trust because the supposed trust was "indefinite and uncertain." The court said (p. 546): "Our conclusion is that the testator did not intend to create a trust. It is apparent that he had full confidence in the judgment and integrity of his wife; that he did not intend to restrict her right to change investments; that he intended to leave her free to use such part of the principal as she should deem necessary for her comfort and happiness; and that he relied solely upon her to dispose of such part as should remain at her death according to his wishes."

In comment (d) of the Restatement under the heading "Family purposes", it is stated that it may be found that the testator's intention was to make a beneficial outright gift to the transferee, "with an expression of the motive for making such a gift." See also *In re Hill* [1923] 2 Ch. 259, 263. In the instant case the wife was the natural guardian of the twins and her minor children. There is nothing to suggest that the testator intended to hold her legally accountable for the dispersal of the income or corpus of his relatively large estate, or that, having rejected the suggestion that he set up a trust or trusts with a bank, he nevertheless intended to impose the duties of a trustee upon his wife. The reference to "benefit" is most readily

explained upon the premise that he desired her to use whatever she pleased to support herself and the children, in the exercise of her moral and statutory duty to do so, but without the imposition of any enforceable duty arising out of the language employed.

*Decree affirmed, costs to be paid out of the estate.*