JAMES A. WHITING *vs.* WILLIAM H. WHITING, Administrator of JAMES WHITING.

*Bill in Equity by an Administrator against his Co-administrator—Jurisdiction—Parties—Proceedings against delinquent Administrators—Sections 225, 239 and 241, of Article 93, of the Code.*

A bill in equity was filed by W. H. W. as one of the administrators of J. W. against J. A. W. individually, and as the other administrator of said J. W., to compel the defendant to account for and pay over to the estate an amount alleged to be due on proper accounting between them. An amended and supplemental bill was afterwards filed, simply reiterating the allegations of the original bill and adding as plaintiffs, W. H. W. in his own right, and Mrs. G. and her husband, as distributees of the estate of J. W. deceased, and making other distributees defendants, with J. A. W. in his own right, and as one of the administrators of the deceased J. W. The bill charged that J. A. W. was indebted on account as between the estate and himself in a sum stated, but that he had failed and refused to make return thereof to the Orphans' Court as he should have done; and that J. A. W. under the name of the M. G. Works, had filed a large claim against the estate, and had obtained part payment thereof, but that said claim was in excess of what was really due, and sought a discovery in regard thereto. It was also claimed in the bill that the estate of J. W. would be entitled to set-off, as against what might be found to be due on the claim of the M. G. Works, the amount really due from J. A. W. to the estate of J. W. It was also alleged in the bill that all other debts from the estate had been paid. A decree was passed for an account between the parties, and requiring J. A. W. to pay the balance, if any, due by him on such accounting to the *administrators* of J. W. deceased. On appeal from the decree, it was HELD:

1st. That the case was in no sense a general administration suit for the administration and settlement of the estate of the deceased, nor was it a suit for the recovery of distributive shares of the estate by distributees against the administrators upon full administration of the estate; but it was a suit in respect of counter claims as between debtor and creditor, and where one of the administrators was the alleged debtor to the estate of the creditor.

2nd. That to such a controversy as the bill and answer presented, the distributees were not proper parties; and the fact that they had been introduced into the case by supplemental bill did not at all relieve the case of the difficulty of litigating the matter in controversy between the co-administrators, the only legal representatives of the estate.

3rd. That sections 225, 239 and 241, of Article 93, of the Code, made provision for proceeding against delinquent administrators or coadministrators in the Orphans' Court.

An executor or administrator cannot file a bill in equity against his co-executor or co-administrator, in order to compel the latter to account for and pay over to him certain claims alleged to be due from the defendant as debtor to the estate of the deceased.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*John S. Tyson,* for the appellant.

*J. Wilson Leakin,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The original bill in this case was filed by William H. Whiting as one of the administrators of James Whiting, deceased, against James A. Whiting, and James A. Whiting as the other administrator of James Whiting, to compel the defendant to account for and pay over to the estate, an amount alleged to be due on proper accounting between the parties. This bill was answered by the defendant, who sat up various defences; after which the plaintiff obtained leave, and filed an amended and supplemental bill. This was done by simply reiterating the allegations of the original bill, and adding as plaintiffs

William H. Whiting in his own right, and Mrs. Gorsuch and her husband, as distributees of the estate of James Whiting, deceased, and making other distributees defendants, with James A. Whiting in his own right, and as one of the administrators of the deceased James Whiting. So the bill still stands by William H. Whiting, as one of the administrators, against James A. Whiting, a co-administrator, with the other parties added in their own right.

The bill charges that James A. Whiting, the co-administrator with his brother William H. of his father's estate, is indebted on account, as between the estate and himself, in the sum of about $7,000, but that he has failed and refused to make return thereof to the Orphans' Court, as he should have done. That James A. Whiting, under the name of the Maryland Galvanizing Works, has filed a large claim against his father's estate, and has obtained part payment thereof, but that said claim is greatly in excess of what is really and justly due for the work done and charged for, and discovery is sought in regard thereto. It is also claimed in the bill that the estate would be entitled to set-off as against what might be found to be due on the claim of the Maryland Galvanizing Works, the amount really due from James A. Whiting to his father's estate. It is alleged that all other debts from the estate have been paid.

It is charged that although James A. Whiting has filed his own claim against the estate, and is pressing for payment, yet he has refused to return the claim due from himself to the estate, and refuses to co-operate with his co-administrator to have the same adjusted. The prayer of the bill is, that James A. Whiting be required to account to the estate of James Whiting, deceased, &c.; and that he be required to make full discovery under oath, and give full proof of all work done at the galvanizing works for the intestate, James Whiting, &c. The defences taken to the amended or supplemental bill are the same

as those taken to the original bill. The defendant, both in his individual and representative capacity, pleads to the jurisdiction of the Court, the Statute of Limitations, and denies that he is indebted to the estate of his father in any amount whatever; and he insists upon the correctness of his own claim against the estate.

Proof was taken, and the Court decreed that an account be taken between the parties, on proof to be produced before the auditor, and that James A. Whiting pay the balance, if any due by him on such accounting, *to the administrators* of James Whiting, deceased.

Such being the case, it falls directly within the principle of *Beall vs. Hilliary,* 1 *Md.,* 186, and cannot be distinguished from it. It was there held, upon full review of the authorities, that one executor (and the same of course of an administrator,) could not file a bill in equity against his co-executor, in order to compel the latter to account for and pay over to him certain claims alleged to be due from the defendant as debtor to the estate of the deceased. The decree in this case, as we have seen, directs any balance that may be found to be due from James A. Whiting to be paid to the administrators of the deceased.

This is not in any sense a general administration suit for the administration and settlement of the estate of the deceased, nor is it a suit for the recovery of distributive shares of the estate by distributees against the administrators, upon full administration of the estate. But it is a suit in respect of counter-claims as between debtor and creditor,—and where one of the administrators is the alleged debtor to the estate of the creditor. To such a controversy as the bill and answer present in this case the distributees are not proper parties; and the fact that they have been introduced into the case by supplemental bill, does not at all relieve the case of the difficulty of litigating the matter in controversy between the co-administrators, the only legal representatives of the estate. A pre-

cedent of this sort could not be otherwise than mischievous; for, as said by the Court of Appeals in *Beall vs. Hilliary,* "Instead of tending to promote the settlement of estates in the most expeditious and economical manner, it would produce quite the opposite effect." And as was also said in that case, there is no necessity for introducing such a principle as a decree, in accordance with the prayer of the bill in this case, would establish. "For if a joint administrator or executor apprehends a loss from the neglect or misconduct of his co-administrator or co-executor, he may apply to the Orphans' Court, and obtain a revocation of the powers and authority of the delinquent party, if the Court are satisfied that the apprehension is well founded." The Code, by sections 225, 239, and 241, of Article 93, makes provision for proceeding against delinquent administrators or co-administrators in the Orphans' Court; and a resort to the remedy thus provided would certainly be more expeditious and less expensive, than by proceeding in equity. As the bill cannot be maintained, the decree appealed from must be reversed, and the bill dismissed with costs.

*Decree reversed, and*
*bill dismissed.*