## MARION VIRGINIA MARSHALL ET AL. *v.* SECURITY STORAGE & TRUST COMPANY ET AL.

[No. 10, April Term, 1928.]

*Decided May 28th, 1928.*

650

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edward J. Colgan, Jr.,* with whom was *George T. Mister* on the brief, for the appellants.

*Joseph T. Molz,* with whom was *William H. Lawrence* on the brief, for the Security Trust and Storage Company, appellee.

*Joseph France,* with whom were *Venable, Baetjer & Howard* on the brief, for Mary Burke Bradford and others, appellees.

BOND, C. J., delivered the opinion of the Court.

The testator, Andrew Jackson Burke, dying in 1902, left five children, three of them sons, and two of them daughters, who now survive their brothers, and who bring this case up on appeal. The testator's wife survived until 1909, but renounced all rights under the will and is not to be considered in the question before the court. The will provided that all the estate should be held "in trust for the use and benefit of my children (naming the five) during the life of each of my said children, and upon the death of the last survivor of my said children the said trust to cease, the said property then to vest absolutely and go in fee to my grandchildren, taking *per capita* and not *per stirpes.*" The original trustees were two of the sons, and they were also named as executors, and as such were given power to sell portions of the estate, "the proceeds to be invested for the joint benefit of all the parties in interest." And there was a provision for paying the net income annually to the five children, share and share alike. There was no express direction for payment of the share of a child who might die before the end of the trust

without issue, and the question raised on the present appeal is, what is to be done with such a share up to the end of the trust at the time of the death of the last surviving child? The trustee has applied to the court for an instruction. As has been stated, two of the five children, the daughters, survive; and of the deceased sons two left issue now surviving, and the one left no issue. On behalf of the daughters it is contended that the share of the one who left no issue should be divided between themselves, upon the ground that the will manifests an intention that the income from the trust property should be received by the testator's children jointly and successively, or with a right of survivorship. Children of a deceased child contend, on the other hand, that according to the testator's intention the share in income in question must not be paid out at all while the trust continues, but must be accumulated and added to the corpus of the estate.

A question of estoppel against the claim of the daughters of a gift of the income to the five children with a right of survivorship arises from their having joined in an agreement shortly after the testator's death, in which it was recited that the widow and children of the testator knew it to have been his intention, as expressed by him during his life time, that the share in income of a child dying during the trust should be paid over to the child or children of such a one, in order that provisions might be made for such child or children until the termination of the trust, and agreed that this should be done.

The trial court did not agree entirely with the contention on either side. It concluded that the will did not give the children a right to the income jointly and successively, so that the daughters now surviving should divide the share in question between them, and concluded also that the daughters were by the agreement estopped to make the claim that it did; and decreed that the income should, during the continuation of the trust, be distributed in four equal parts, to the two daughters and the children of two deceased sons *per stirpes*. This court has not been able to concur in the trial court's view, and has concluded that the surviving daugh-

ters of the testator, the appellants, are entitled to receive in equal shares, until the termination of the trust, the whole of the portion of the income in question.

On the face of the will there is simply a gift of the beneficial enjoyment of the estate to the testator's children, terminable as to each upon death, and so, as to the first four to die, terminable at times before the termination of the trust and the vesting of the remainder in the grandchildren. And it is generally recognized that under such a clause, notwithstanding the preference of the law for tenancies or rights in common, the result is a gift of income to the life beneficiaries with a right of survivorship in them. *Jarman, Wills,* 1125; 2 *Schouler, Wills, Executors and Administrators,* sec. 1232; 1 *Underhill, Wills,* sec. 470; *Benner v. Mauer,* 133 Wis. 325, 331; *Bank v. Effingham,* 51 W. Va. 267; *Lazier v. Lazier,* 35 W. Va. 567; *Glover v. Stillson,* 56 Conn. 316; *Loring v. Coolidge,* 99 Mass. 191; *Dow v. Doyle,* 103 Mass. 489; *Malcolm v. Martin,* 3 Bro. C. C. 45; *Armstrong v. Eldridge,* 3 Bro. C. C. 215; *Pearce v. Edmeades,* 3 Y. & C. 246. And see *Hannan v. Towers,* 3 H. & J. 147, 149, and *Preston v. Clabaugh,* 90 Md. 707, 709. That is the only construction which permits fulfillment of such a trust up to the time of its cessation, for except upon that construction a share for each child dying before the last would remain undisposed of, belonging to nobody, during the period remaining up to the end of the trust. *Pearce v. Edmeades, supra.* And that this is the proper construction of the present will is confirmed by the fact that the grandchildren are expressly provided for and not admitted to share in the life interests, but clearly limited to remainders after the death of the last child; "the said property then to vest absolutely and go in fee to my grandchildren taking *per capita* and not *per stirpes.*" The will seems to us to have been deliberately drafted with a view to survivorship in the children to the life interests. The requirement of article 50, section 1, that joint tenancies must be created by express provision, in so far as it may apply, is gratified by an intention so clearly manifested as in this will. The

requirement is only one of clear manifestation of intention, not one of particular words. *Craft v. Wilcox,* 4 Gill, 504; *Fladung v. Rose,* 58 Md. 13, 25; *Michael v. Lucas,* 152 Md. 512; *Overheiser v. Lackey,* 207 N. Y. 229, 233; *Benner v. Mauer, supra.*

We do not find in the agreement, which conceded to the grandchildren the shares formerly paid their deceased parents, any ground for estopping the surviving daughters from insisting on their rights under this construction beyond the limits of the concession made. The agreement was a limited one, in that it was concerned only with the shares of the deceased parents.

It is not clear to us that there is any inconsistency in the present contention of the daughters, but if there is, that fact alone does not give rise to an estoppel. In an estoppel the law is not concerned with consistency for its own sake, but only with a possible consequence of inconsistency if permitted, with the possibility, that is, that reversal of a representation or position may carry with it a previous transaction which should stand. And here there is no such possibility involved. What is contended for by the grandchildren is only that the explanation given for the previous concession and the concession itself require an additional concession as logically consistent though not agreed upon. There is no agreement covering an additional concession, and an estoppel could go no further than to preserve a transaction already entered upon. *Alexander v. Walter,* 8 Gill, 239, 253. And see *Devries v. Hiss,* 72 Md. 560, 570; *Bank of America v. Banks,* 101 U. S. 240; *Todd v. Todd,* 3 Hun. (N. Y.) 298; *Rabun v. Rabun,* 61 Ga. 647; *Hasty v. Hampton Co.,* 80 Ark. 405; *Campbell v. Nichols,* 33 N. J. L. 81; *Hill v. Hill,* 79 N. J. Eq. 52; *Phillipsburgh Bank v. Fulmer,* 31 N. J. L. 52; *Carpenter v. Buller,* 8 M. & W. 209, 213; *Bradford v. Mackenzie,* 131 Md. 330, 339.

> *Decree reversed, and cause remanded for the passage of a decree in accordance with this opinion, with costs.*