LLEWELLYN V. ROBERTS *et al. v.* PHYLLIS B. GARBETT *et al.*

FEBRUARY 16, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity brought by nineteen complainants against three individual respondents and the Pawtucket Institution for Savings, praying that said institution be declared trustee of certain deposits therein for the benefit of the estate of one John Roberts and his heirs and be directed to deliver said funds to such persons as are entitled thereto. The cause is in this court on the complainants' appeal from a decree of the Superior Court sustaining the demurrer of the respondent institution to the bill of complaint.

The bill alleges that in December, 1890, John Roberts deposited $500 with the respondent institution in a joint account payable either to himself or to his brother James Roberts, who never signed the identification card kept by said institution for record and reference; that in October, 1891, a second deposit of $500 was made, after which time there were no more deposits and never any withdrawals, so that at the time of filing this bill said sums, together with accumulated interest, amounted to about $5,000; that these deposits were at all times the property of John Roberts, James Roberts never having had any knowledge of or control over them, and were intended to and should pass to the heirs of John Roberts. The bill further alleges that John Roberts, late of Brooklyn, N. Y., died November 7, 1919, whereupon letters of administration on his estate were

granted by the Surrogate's Court of Kings County, N. Y., to James Roberts; that all the debts of John Roberts are paid and his estate administered, a final decree being entered by said court in 1921; that James Roberts died in 1927, and, lastly, that the complainants and the three individual respondents comprise all the heirs-at-law of John Roberts and are of full age.

The respondent institution demurred to the bill on two grounds: first, that the complainants have an adequate remedy at law in the probate court and, second, that equity has no jurisdiction to entertain such a bill.

Complainants allege that they are remediless and cannot obtain adequate relief except in a court of equity. They contend that, under a well established principle of equity, where there are no debts and the only duty which would devolve upon an administrator if one were appointed would be that of making distribution, administration may be dispensed with and if equity first obtains jurisdiction it will entertain suits by the heirs for the recovery of personal assets and decree distribution thereof.

In considering this contention we must first determine the extent of equity jurisdiction in probate matters. G. L. 1923, Chap. 323, Sec. 10, reads in part: "The superior court . . . may exercise general probate jurisdiction . . . when such jurisdiction is properly involved in suits in equity."

In considering this question this court, in *Blake* v. *Butler*, 10 R. I. 133, at 137, held that: "Our jurisdiction in such cases is . . . jurisdiction concurrent with that of the court of probate, and in case of concurrent jurisdiction the court which first takes jurisdiction of the subject must exclusively adjudicate, and neither party can be compelled into another court for anything that may be adjudicated by the first."

In *Daboll & Johnson* v. *Field*, 9 R. I. 266, where—as in the cause before us—the estate had been fully settled and there was no proof of any outstanding debts, the court at

152

p. 285 said: "since full equity jurisdiction was conferred upon this court, it has power, when a proper bill is filed, and it has the fund or the parties before it, to proceed to a final settlement and distribution, if the nature of the case renders it proper" and the decree of distribution was confirmed.

In the recent case of *Hatton* v. *Howard Braiding Co.*, 47 R. I. 47, where, again, the assets of the estate had been distributed and there was no proof of any debts against it, the jurisdiction of equity was sustained and the court decided that the complainant could maintain a bill for the possession of assets undisclosed at the time of rendering final account in a probate matter.

In *Griffith* v. *Godey*, 113 U. S. 89, at 93, the court said: "If the property be . . . subsequently discovered, a court of equity may exercise its jurisdiction . . . and take such action as justice . . . may require, even if the Probate Court might, in such case, open its decree and administer upon the omitted property."

In *Teal* v. *Chancellor*, 117 Ala. 612, the court said: "When a person dies intestate, owing no debts, and the only duty which would devolve on the administrator if one were appointed would be that of making distribution, the equity of the distributees is perfect and the court will dispense with an administration, entertaining suits by them for the recovery of the personal assets."

It is widely held that the jurisdiction of equity attaches regardless of the number of distributees or heirs. In *Hubbard* v. *Urton*, 67 Fed. 419, which supports this principle in overruling a demurrer to a bill in equity against an administrator, the court said: "There is no substantial reason why complainants should be required to go through . . . another administration, and contest for their rights through an administrator, and this court ought not to require it to be done, unless the provisions of the statute . . . imperatively demand it." In *Fretwell* v. *McLemore*, 52 Ala. 124 at 133, the court stated: "When there are no debts, the equity

of the distributees or legatees is perfect; the legal title, if there was a personal representative, would be a naked trust, which a court of equity ought not and would not permit to be interposed as a bar to the equitable title of the distributee or legatee." See also 11 R. C. L. 28.

The following cases sustain in principle the jurisdiction of equity under the circumstances of the cause before us: *Gardner* v. *Gantt*, 19 Ala. 666; *Trawick* v. *Davis*, 85 Ala. 342; *Glover* v. *Hill*, 85 Ala. 41; *Beckett* v. *Whittington*, 92 Ark. 230; *Jones* v. *Clemmer*, 98 Miss. 508; *Birdsall* v. *Delaware & H. Co.*, 244 Fed. (Pa.) 594; *Magin* v. *Niner*, 110 Md. 299, 73 Atl. 12; *Koontz* v. *Koontz*, 79 Md. 357, 32 Atl. 1054; *Crockett* v. *Sibley*, 73 N. H. 322, 61 Atl. 469. The principle is also approved by text writers. In 11 R. C. L. *supra* it is stated: "Where an estate owes no debts a sole distributee is frequently permitted to take possession of it without administration . . . The same is true when there are no creditors and the legatees and distributees are *sui juris*." See also Woerner on Administration, Vol. 2, § 201; 21 C. J. pp. 119-130.

In our opinion, whether the case involves one or more distributees, if all that remains is to distribute the assets of an estate, equity has jurisdiction. It is obvious that, whatever form of procedure is adopted, there must be a determination of the parties entitled to the fund and an order distributing it among them. If the tribunal first invoked has jurisdiction to bring before it all the interested parties and to decree distribution, it seems unreasonable and unnecessary to resort to the circuitous method of compelling the parties to reopen closed probate matters and apply for ancillary administration with the accompanying advertisements, bonds and incidental probate expenses, when the entire matter may be promptly and economically determined in the present proceedings.

Under our practice all parties in interest may be brought before the equity court through the service of subpoena, personally or by advertisement; a master may be appointed

to determine the interest of the various parties, and if it is deemed necessary or advisable the tax authorities of any state entitled to taxes from the fund may be made parties. In the instant cause a decree declaring the respondent institution to be trustee for those entitled to the fund and directing it to make payment to them in such amounts as may be determined may be properly entered. By this procedure the institution would be amply protected against being required to pay all or any part of said fund a second time.

The facts admitted by demurrer in this cause bring it within the rule laid down in *Hatton* v. *Howard Braiding Co.*, *supra*. The decree sustaining the demurrer of the respondent institution was error.

The complainants' appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

*Atwood, Remington, Thomas & Levy, Frank F. Pinkos,* for complainants.

*Lellan J. Tuck,* for respondent Pawtucket Institution for Savings.