GEORGE W. HENNIGH AND GENEVIEVE HENNIGH ATTERBERRY, PLAINTIFFS AND APPELLANTS, v. MARIAN HENNIGH AND MARIAN HENNIGH, AS ADMINISTRATRIX OF THE ESTATE OF CHARLES D. HENNIGH, DECEASED, DEFENDANT AND RESPONDENT.

No. 9333.
Submitted February 25, 1957. Decided April 10, 1957.
Amended on Denial of Rehearing May 3, 1957.
309 Pac. (2d) 1022.

Mr. Patrick F. Hooks and Mr. Frank T. Hooks, Townsend, for appellants.

Mr. Fred W. Schmitz, Townsend, Messrs. Toomey & Hughes, Helena, for respondent.

Mr. Frank T. Hooks, Mr. Schmitz and Mr. Michale J. Hughes argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an action to quiet title to two-thirds of one-half of certain real property located in Townsend, Montana.

Respondent and Charles D. Hennigh were married at Dillon in 1931. They had no children, but by a previous marriage Charles D. Hennigh had two children, the appellants herein.

Respondent and her husband lived at Livingston, Montana, from 1931 to 1944 when they moved to Townsend. In Livingston they had a joint bank account, and there respondent operated a beauty parlor in the same location as her husband operated a barber shop. At Townsend, she and her husband operated the Mint and both of them worked in the business.

On October 18, 1944, with funds from their joint bank account, respondent and her husband purchased the property in question and received the ordinary printed form of warranty deed wherein as grantees they were described as "Charles D. Hennigh and Marion [sic] E. Hennigh, as Joint Tenants of Townsend, Montana." In the granting clause was typed the word "their" so that said clause read "to their heirs and assigns." The same situation with regard to the word "their" appears in the habendum and warranty clauses.

Charles D. Hennigh died intestate on June 27, 1948. Respondent was appointed administratrix of his estate, and as such she filed an inventory and appraisement of his property, but omitted therefrom the property involved in this action as she claimed to own the same as surviving joint tenant of her deceased husband. An application was made in the probate court by the appellants to compel the administratrix to include this real estate in the inventory as a part of the decedent's estate, which application was denied.

On August 10, 1949, appellants commenced this action. The matter was tried before the court, and a judgment of dismissal was entered on June 3, 1953, from which judgment this appeal was taken.

By specifications of error, the appellants contend: (1) that the court did not give sufficient consideration to controlling statutes; (2) and decisions; (3) applied a common-law rule in reaching its decision which has been abrogated; (4) failed to construe all parts of the deed; and (5) improperly admitted

testimony of the respondent concerning the handling of property between respondent and her deceased husband.

Appellants admit that the sole issue in the case is whether the deed of October 18, 1944, created the right of survivorship in respondent.

Section 1 of an Act entitled, "An Act Concerning Joint Rights and Obligations," approved February 8, 1865 (Bannack Statutes, page 454), provided:

"If any partition be not made between joint tenants, the property of those who die first shall not accrue to the survivor or survivors, but descend or pass by devise, and shall be subject to debts, dower, charges, etc., or transmissible to execution or administration, and be considered to every intent and purpose in the same view as if such deceased joint tenants had been tenants in common."

Appellants contend that such Act abolished the right of survivorship in joint tenancy in Montana.

This section of the Territorial Act was carried forward into the Laws of 1871-1872, and the Compiled Statutes of 1877 without change. However, when the Code of 1895 was adopted it was not re-enacted, and for all intents and purposes it was repealed so it then ceased to be the law of Montana.

"When a statute abrogating a rule or principle of the common law is repealed, the common-law principle or rule is ipso facto revived, unless there is something to show a contrary intent on the part of the legislature." 15 C.J.S., Common Law, section 12, page 621; Burleig County v. Rhud, 23 N.D. 362, 136 N.W. 1082; Johnson v. Olson, 92 Kan. 819, 142 Pac. 256, L.R.A. 1915E, 327; State ex rel. Wright v. Barney, 133 Neb. 676, 276 N.W. 676; Beals v. Ares, 25 N.M. 459, 185 Pac. 780.

In the absence then of any statute abrogating it, the common-law incident of the right of survivorship applying to a joint tenancy would again be the law of Montana. However, the Legislature did adopt laws with regard to tenancies in property being section 1104, Code of 1895, now R.C.M. 1947, section 67-307; section 1105, Code of 1895, now R.C.M. 1947, section 67-308;

section 1106, Code of 1895, now R.C.M. 1947, section 67-311; section 1107, Code of 1895, now R.C.M. 1947, section 67-312; section 1108, Code of 1895, now R.C M. 1947, section 67-313.

R.C.M. 1947, section 67-307, provides:

"The ownership of property by several persons is either:

"1. Of joint interests;

"2. Of partnership interests;

"3. Of interests in common."

The legislature by this enactment recognized joint interests.

R.C.M. 1947, section 67-308, provides:

"A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants."

Thus the Legislature defined a joint interest to be one owned by several persons in equal shares, by a title created by a single transfer, when expressly declared in the transfer to be a joint tenancy.

R.C.M. 1947, section 67-313, further provides:

"Every interest created in favor of several persons in their own right, including husband and wife, is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in section 67-308."

So, in 1895 the Legislature again recognized the difference between joint interests and interests in common and left parties free to contract in either pattern. None of these enactments abrogated the common-law right of survivorship as incidence of joint tenancy.

In 1943 the Legislature adopted what is now R.C.M. 1947, section 67-310, which provided:

"In all conveyances of real property made in joint tenancy or to tenants in estates by entirety, where the right of survivorship is contained in the grant of such conveyance, the right of

survivorship is hereby expressly declared to exist by virtue of such grant."

Such was the status of our laws at the time of the execution of the deed in question herein.

The legal effect of this enactment was to provide that the right of survivorship exists in those classes of conveyances covered by it, whether made to joint tenants or to tenants in estates by entirety, but does not purport to exclude the right of survivorship in other types of conveyances.

Appellant contends that the opinions of this court in Butte & Boston Consol. Mining Co. v. Montana Ore Purchasing Co., 25 Mont. 41, 63 Pac. 825, and Ayotte v. Nadeau, 32 Mont. 498, 81 Pac. 145, hold that the right of survivorship as an incident to joint tenancy was taken away by the Act of February 8, 1865, supra, and has never been restored. With this contention we do not agree.

After adoption of present sections 67-307 and 67-308, R.C.M. 1947, in 1895, all the incidents of joint tenancy that existed under the common law unless in derogation of these enactments would come into force. These incidents at common law were a single estate in property, real or personal, owned by two or more persons, under one instrument or act of the parties, an equal right in all to share in the enjoyment during their lives, and on the death of a joint tenant, the property descends to the survivor or survivors and at length to the last survivor.

In the Butte & Boston Consol. Mining Co. case, 25 Mont. at page 70, 63 Pac. at page 827, supra, this court recognized the right of survivorship as an essential incident of joint tenancy when it said:

"We cannot agree with the courts which hold that the legislature has power to convert existing joint tenancies into tenancies in common. The right of survivorship—the indispensable ingredient and characteristic of the estate, and not a mere expectancy or possibility, as, for example, is the inchoate right of dower—accrues as a vested right when and as soon as the joint tenancy is created, and the legislature is without authority to

devest or interfere with such right. A joint tenant cannot be so deprived of his property. Constitutional limitations, state and national, prohibit it.''

All that this case does is to hold that section 1 of the 1865 Act converted joint tenancies, while it was in effect, into tenancies in common because it removed the right of survivorship. It further held as to section 2 of the 1865 Act, before its amendment in 1899 (now R.C.M. 1947, section 93-2829), that it gave tenants in common and joint tenants certain rights and remedies which did not exist at common law. The case of Ayotte v. Nadeau, supra, merely reiterated what had been said in the Butte & Boston Consol. Mining Co. case with regard to section 2 of the 1865 Act.

What we have said here disposes of specifications of error Nos. 1, 2 and 4.

Considering now the third specification of error, that the court failed to construe all parts of the deed. Herein appellants contend that a proper construction of the deed does not show the creation of, or of any intention to create by the deed, a right of survivorship in the survivor. In support of this they call attention to the use of the words ''Joint Tenants'' in the caption, and the use of the word ''their'' in the granting, habendum and warranty clauses so that they read ''their heirs and assigns.''

As to the interpretation to be given to the words ''Joint Tenants'' appearing in the deed, we quote from Case v. Owen, 139 Ind. 22, 38 N.E. 395, wherein the court stated:

''Our statute (section 3341, Rev. St. 1894; section 2922, Rev. St. 1881) provides that 'all conveyances and devises of land, or of any interests therein, made to two or more persons, * * * shall be construed to create estates in common and not in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy, and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy'. This statute completely reverses the ancient com-

mon-law rule, for joint tenancy was a favorite of the ancient common law; and no special words or limitations were necessary to call it into existence, but, on the other hand, words or circumstances of negation were indispensable to avoid it. Freem. Coten, section 18. Under this statute, however, it must be created by express words or limitations. The question for our decision, therefore, is, does the use of the word 'jointly' in this deed have the effect of vesting in Lydia Reese and John Reese an estate in joint tenancy? It is a familiar rule that in construing a deed, as in construing any other written instrument, it is to be considered as a whole, and that effect is to be given to each and every clause and word found in it, if that is possible. As tenants in common are two or more persons who hold possession of any subject of property by several and distinct titles, the word 'jointly' can find no place in describing an estate to be held by them. To hold that this deed created in the grantees a tenancy in common, we would be compelled to strike out and wholly reject the word 'jointly'. This we are not at liberty to do. Under the well-known rules of construction, we are required to give it effect, and, when that is done, we are constrained to hold that this deed vested in Lydia Reese and John Reese an estate in joint tenancy. Barden v. Overmeyer, 134 Ind. 660, 34 N.E. 439; Thornburg v. Wiggins, 135 Ind. 178, 34 N.E. 999 [22 L.R. A. 42].''

In Engelbrecht v. Engelbrecht, 323 Ill. 208, 153 N.E. 827, 829, it is stated:

''Where the conveyance is made to two or more persons 'as joint tenants', the use of the words 'and not as tenants in common' adds nothing. If the estate is held by several persons as joint tenants, it is not and cannot be held by them at the same time as tenants in common. It follows that to say of an estate that it is held by several persons as joint tenants is to say, in effect, that it is not held by them as tenants in common. When Fred and his wife made the deed to Chris and Maria, conveying the city property to them 'as joint tenants' they expressed the intention to create in the grantees an estate in joint tenancy,

with the right of survivorship, as clearly as they would have expressed the intention if they had added the words 'and not as tenants in common'. It is established by the decisions of this court that this deed conforms to the requirements of the statute and that the grantees took an estate in joint tenancy.''

In South Dakota where the same statutes exist as in our own state, that court in Armstrong v. Hellwig, 70 S.D. 406, 18 N.W. (2d) 284, 285, stated:

''The contention of defendant is that under these statutes and the case of In re Lower's Estate, supra [48 S.D. 173, 203 N.W. 312], the only way one can declare a joint tenancy is to call it that. It is asserted that a conveyance which describes all of the attributes of a joint tenancy will be ineffective to create such a cotenancy without the use of the words 'as joint tenants'.

''At the early common law the general rule was that a transfer of an estate to two or more grantees, in the absence of an expressed intention to sever the interests, was deemed to create a joint tenancy rather than a tenancy in common. The law favored joint tenancy rather than tenancy in common, because the latter estate tended to split up feudal services and hence to disorganize the feudal military system. Ann Cas. 1917B, 57 at 58. Statutes phrased in terms similar to SDC 51.0212 and 51.0214 have been enacted in many of the states of the Union. They were enacted for the purpose of reversing the above described common law rule of constructional preference. 14 Am. Jur. 85. See Restatement, Property, parts 3 & 4, page 1445.

''According to the overwhelming weight of authority, interpreting like statutes, an intention to create a joint tenancy may be expressly declared without employing those particular words. Overheiser v. Lackey, 207 N.Y. 229, 100 N.E. 738, Ann. Cas. 1914C, 229; Gaunt v. Stevens, 241 Ill. 542, 89 N.E. 812; Coudert v. Earl, 45 N.J. Eq. 654, 18 A. 220; Murray v. Kator, 221 Mich. 101, 190 N.W. 667; Weber v. Nedin, 210 Wis. 39, 242 N.W. 487, 246 N.W. 307; Manning v. United States Nat. Bank of Portland [174 Or. 118], 148 Pac. (2d) 225, 153 A.L.R. 922; Mitchell v. Frederick, 166 Md. 42, 170 A. 733, 92 A.L.R. 1412; Kemp v.

Sutton, 233 Mich. 249, 206 N.W. 366; 2 Tiffany, Real Property (3d Ed.) section 424; 14 Am. Jur. 85. The accepted meaning of these statutes is clearly stated by the Maryland court as follows:

" 'Under statutory provisions that plural tenancies shall be construed as tenancies in common rather than joint tenancies, unless stated to be joint tenancies * * *, the question of sufficiency of expressions of intention that there shall be rights of survivorship has frequently arisen, and has commonly been deduced from words other than the most direct. "The requirement is only one of clear manifestation of intention, not one of particular words".' Mitchell v. Frederick, supra [166 Md. 42, 170 A. 736]."

In Siberell v. Siberell, 214 Cal. 767, 7 Pac. (2d) 1003, 1004, it was held that real property which was deeded to husband and wife as joint tenants created a joint tenancy of which the "distinguishing incident is a right of survivorship."

In Solomon v. Phillips, 92 Cal. App. (2d) 1, 206 Pac. (2d) 50, 51, where a deed of real property ran to "Robert M. and LaVerne J. Phillips, husband and wife, as joint tenants," it was held that the property was held by the grantees as joint tenants, as against the contention that it was community property.

Since we must give to the words used in the deed herein "as Joint Tenants" their ordinary significance, there can be no doubt as to their purpose, and that was to create an estate in joint tenancy in the grantees, carrying with it the incident of right of survivorship.

It is not necessary to discuss appellants' fifth specification of error in view of what we have heretofore said.

The judgment of the district court is affirmed.

MR. JUSTICES CASTLES, BOTTOMLY, ANGSTMAN, and ADAIR, concur.